IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jack Logan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 6:22-cv-2942-TMC |
| | ) |
| Facebook, Mark Zuckerberg, | ) **ORDER** |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Jack Logan ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against Defendants, alleging that his Facebook page was hacked and seeking damages for the resulting embarrassment. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), reviewing the complaint pursuant to 28 U.S.C. § 1915 and recommending that the court dismiss this action without leave to amend and without issuance and service of process. (ECF No. 17 at 5). In determining whether Plaintiff is asserting federal question or diversity jurisdiction, the magistrate judge first determined that, even assuming the complaint alleged complete diversity of citizenship between the parties, Plaintiff failed to allege any basis for a state law claim subject to the court's diversity jurisdiction. *Id*. at 3. As to any potential claim falling within the court's federal question jurisdiction, the magistrate judge concluded "the [P]laintiff's § 1983 claims . . . should be dismissed because [Defendants] are not state actors amenable to suit under 42 U.S.C. § 1983." *Id*. at 5. Finally, the magistrate judge determined that it would be futile to permit Plaintiff

1

an opportunity to cure these defects in the complaint, and, accordingly, recommended the court dismiss this action. *Id.*

The Report was mailed to Plaintiff at the address he had provided the court along with a notice of Plaintiff's right to file objections. (ECF No. 19). Plaintiff then filed a one-paragraph "appeal" of the Report (ECF No. 21) which the court construes as Plaintiff's objections to the Report. This matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Plaintiff's objections merely re-state—in very cursory form—Plaintiff's allegations that his Facebook page was hacked. (ECF No. 21). Plaintiff fails to address the dispositive portion of the Report and identifies no specific error in the Report. As a result, the court reviews the Report only for clear error. Having reviewed the Report and the record and, finding no clear error, the

court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 17), which is incorporated herein by reference. Accordingly, the court **DISMISSES** this action without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 23, 2023
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.